| | | |
|---|---|---|
| A.J., a minor, by and through her Next Friend, LORI DIXON, D.M., a minor, by and through his Next Friend, SHANNON MERS, B.M., a minor, by and through his Next Friend, SHANNON MERS, and THE ESTATE OF ROBERT JASON JOHNSON, | ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | No. 4:13-CV-1514 CAS |
| and | ) ) | |
| DEBORAH LEE JOHNSON, | ) ) | |
| Intervenor Plaintiff, | ) ) | |
| v. | ) ) | |
| DONNELL W. TANKSLEY, MATTHEW J. WAGGONER, and PERRI A. JOHNSON, | ) ) ) | |
| Defendants. | ) | |

## ORDER

This matter is before the Court on Deborah Lee Johnson's second motion to intervene as a party plaintiff. As directed, Ms. Johnson attached a proposed intervenor complaint to her motion. The Court, however, has reviewed Ms. Johnson's motion and the proposed intervenor complaint, and it must deny the motion without prejudice because there are errors in the proposed intervenor complaint that preclude this Court from docketing it.

First, the names of the minor children must be redacted from the proposed intervenor complaint. Under Local Rule 2.17(A) of this Court, and the E-Government Act of 2002, parties must refrain from including the following personal data identifiers in documents filed with the Court:

. . .

> (2) **Names of minor children**.  Only the initials of minor children
> may be listed in the filing.

 In referring to the children, Ms. Johnson should use the children's initials and file any exhibits that include their names under seal.

Second, the proposed intervenor complaint it does not comply with Rule 10(a) of the Federal Rules of Civil Procedure because the caption does not include the name of the intervenor plaintiff. Rule 10(a) states in pertinent part, "The title of the complaint must name all the parties; the title of other pleadings, after naming the first party on each side, may refer generally to other parties."  Fed. R. Civ. P. 10(a).  Ms. Johnson should caption her proposed intervenor  complaint: "A.J., by and through her next friend Lori Dixon, D.M., by and through his next friend Shannon Mers, B.M., by and through his next friend Shannon Mers, and The Estate of Robert Jason Johnson, Plaintiffs, and Deborah Lee Johnson, Intervenor Plaintiff,  v. Donnell W. Tanksley, Matthew J. Waggoner, and Perri A. Johnson, Defendants."  To demonstrate, the Court has set forth in this Order the caption as it should appear on Ms. Johnson's  proposed intervenor complaint.

Finally, the proposed intervenor contains a number of typographical errors, the most egregious of which is that the title is misspelled and throughout the complaint, the word intervenor is misspelled.  Because the proposed intervenor complaint contains a number of errors that preclude the Court from docketing it, Ms. Johnson's motion to intervene will be denied without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Deborah Lee Johnson's second motion to intervene as a party plaintiff is **DENIED** without prejudice. [Doc. 51]

**IT IS FURTHER ORDERED** that on or before **May 28, 2014,** Deborah Lee Johnson shall file a third motion to intervene, attached to which shall be a proposed intervenor complaint that complies with the terms of this Order

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this ___21st_____ day of May, 2014.