**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| A.J., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| and | ) | Case No. 4:13-CV-1514 CAS |
| | ) | |
| DEBORAH LEE JOHNSON, | ) | |
| | ) | |
| Intervenor Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| DONNELL W. TANKSLEY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFFS' REPLY IN SUPPORT OF**
**MOTION FOR CONTEMPT AND FOR SANCTIONS**
**AGAINST NONPARTIES BRYANT HOWARD AND YOLANDA DIGGS**
**AND/OR THEIR ATTORNEY, JOHN A MAZZEI AND BRINKER & DOYEN, L.L.P.**

COMES NOW Plaintiffs A.J., D.M., B.M. and The Estate of Robert Jason Johnson ("Plaintiffs"), and respectfully move this Court to grant their Motion for Contempt and for Sanctions against Nonparties Bryant Howard and Yolanda Diggs and/or their attorney, John A. Mazzei and Brinker & Doyen, L.L.P. (hereinafter the "Motion") and in support of said Motion submits the following reply:

1.      A "verified response of attorneys Scott C. Harper, John A. Mazzei and Brinker & Doyen, L.L.P." has been filed in response to Plaintiffs' Motion for Contempt and for Sanctions against Nonparties Bryant Howard and Yolanda Diggs and/or their attorney, John A. Mazzei and Brinker & Doyen, L.L.P. (hereinafter the "Witnesses' Response"). (*See Nonparties Resp. in Opp., ¶¶ 3 and 4; Doc. #100*).

2.      Despite the above-referenced response being filed, it is important to note that

neither Scott C. Harper nor John A. Mazzei or any attorney from Brinker & Doyen, L.L.P. have filed a motion to quash the subpoenas subject to the instant Motion before the Court and no motion for protective order has been filed.

3.     Notwithstanding the above, the filed response alleges violations of the Missouri Rules of Professional Conduct against the undersigned and accuses the undersigned of being "unprofessional and unreasonable" for failing to obey the request of Mr. Mazzei to cancel the scheduled depositions despite Mr. Mazzei providing no reason whatsoever for the cancellation and the request being made just 3 hours before the scheduled deposition of Bryant Howard.

**Plaintiffs' Undersigned Counsel Did Not Violate Missouri Supreme Court Rule 4-4.2**

4.     Missouri Supreme Court Rule 4-4.2 provides:

> "In representing a client, a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized to do so by law or a court order."

*See Missouri Supreme Court Rule 4-4.2.*

5.     In the Wrongful Death Case (A.J., et al. vs. Bryant Howard, Cause No. 0922-CC09377) Mr. Howard was represented by Scott C. Harper, John A. Mazzei and the law firm of Brinker & Doyen, L.L.P. *through being hired by Mr. Howard's insurance carrier, State Farm Mutual Automobile Insurance Company.* (*See Plaintiffs' Exhibit 14 attached hereto – Scott C. Harper October 22, 2009 Letter and Plaintiffs' Exhibit 15 attached hereto - State Farm Mutual Automobile Insurance Company's Certificate of Coverage for Bryant Howard*). Mr. Howard did not previously hire or choose Scott C. Harper, John A. Mazzei and the law firm of Brinker & Doyen, L.L.P. to represent him in the Wrongful Death Case as Mr. Harper was hired by State Farm Mutual Automobile Insurance Company because a claim was being made against Mr. Howard.

2

6.      As even Mr. Harper and Mr. Mazzei point out, the Wrongful Death Case has long been completed. (*See Nonparties Resp. in Opp., ¶¶ 3 and 4; Doc. #100*).

7.      To believe that Mr. Harper and Mr. Mazzei represent Bryant Howard, *ad infinitum*, is illogical.

8.      Mr. Harper and Mr. Mazzei represented Bryant Howard in the Wrongful Death Case to completion and their representation of Mr. Howard ceased upon completion.

9.      Mr. Harper and Mr. Mazzei illicitly admit in their response that their representation of Mr. Howard had previously ceased: "...on August 22, 2014...[Bryant] Howard asked if attorney Harper could represent Howard and Diggs at their depositions." (*See Nonparties Resp. in Opp., ¶ 9; Doc. #100*).

10.     There is absolutely no claim in this case against Bryant Howard and Mr. Howard is not named as a Defendant. Mr. Howard is a fact witness with respect to the claims made in this case against Defendants Tanksley, Waggoner and Johnson.

11.     There was absolutely no reason for the undersigned to believe that Bryant Howard or Yolanda Diggs was being represented by any attorney at the time they were served with their respective subpoenas.

12.     Thus, at the time Bryant Howard and Yolanda Diggs were served with their respective subpoenas for the taking of their depositions they were not a party in this case and were not represented by any attorney.

13.     It is also important to note that Yolanda Diggs has never been married to Bryant Howard and was not named as an insured under the insurance policy of State Farm Mutual Automobile Insurance Company that covered Mr. Howard's operation of his vehicle on June 1, 2008. Thus, Ms. Diggs was a witness in the Wrongful Death Case and was not previously

represented by Mr. Harper, Mr. Mazzei and Brinker & Doyen, L.L.P.

14.     Because the Wrongful Death Case had long been disposed of and no claims are being made in this case against Bryant Howard or Yolanda Diggs, the undersigned did not believe that "State Farm attorney's Scott C. Harper and John A. Mazzei" would be representing Mr. Howard or Ms. Diggs in any capacity with respect to their depositions[1].

15.     Plaintiffs' undersigned counsel did not violate Missouri Supreme Court Rule 4-4.2 and Mr. Harper and Mr. Mazzei's allegations are reckless, overreaching and completely meritless.

16.     Mr. Harper and Mr. Mazzei recognize that their allegations of wrongdoing against the undersigned lack merit by stating, "If not in direct violation of Rule 4-4.2, the conduct was in violation of the spirit and intent of Rule 4-4.2." (*See Nonparties Resp. in Opp., ¶ 8; Doc. #100*).

17.     Either the undersigned violated the rule or not; Mr. Harper and Mr. Mazzei's allegation that the undersigned's conduct violated the "spirit and intent of Rule 4-4.2" is further reaching and is not supported by the facts as Mr. Harper and Mr. Mazzei's prior representation of Mr. Howard had terminated, and as mentioned above, Mr. Harper and Mr. Mazzei admit this in their response.

18.     Mr. Harper and Mr. Mazzei cite to the district court case of *Parker v Pepsi-Cola General Bottlers, Inc.* and said case is completely different factually and offers zero support of their allegation of misconduct by the undersigned. *See* <u>Parker v Pepsi-Cola General Bottlers, Inc.</u>, 244 F.Supp.2d 1006 (N.D. Ill. 2003).

19.     Simply put, Plaintiffs' undersigned counsel did not violate Missouri Supreme Court Rule 4-4.2 in utilizing the lawful process of Rule 45 of the Federal Rules of Civil

---

[1] However, Plaintiffs do not dispute that the witnesses can be represented by counsel at the taking of their respective depositions.

Procedure in having subpoenas served on the nonparty fact witnesses, Bryant Howard and Yolanda Diggs, for the taking of their depositions and Mr. Harper and Mr. Mazzei should be sanctioned for their reckless and baseless allegations.

**Witnesses Bryant Howard and Yolanda Diggs' Have Not Presented "adequate excuse" For Failing to Obey the Subpoenas and Failing to Appear For the Taking of Their Depositions on August 22, 2014 at 1:00 p.m. and 3:00 p.m.**

20.    In order to assess witnesses Bryant Howard and Yolanda Diggs' "adequate excuse" for failing to obey the subpoenas it must be determined what is fact and what is fiction in the response filed by Mr. Harper and Mr. Mazzei.

21.    It is simply not believable that Bryant Howard waited until the morning of August 22, 2014 before contacting the law offices of Brinker & Doyen, L.L.P. Within the Witnesses' Response, it also sets forth that, "Bryant Howard and Yolanda Diggs were upset and traumatized at being served with a subpoena and thought they were being joined into this present action." If the witnesses Bryant Howard and Yolanda Diggs were so upset and traumatized they surely would have contacted Mr. Harper or Mr. Mazzei shortly after being served with the subpoenas. Further, the witnesses Bryant Howard and Yolanda Diggs' alleged belief that they were being joined in this case is equally not believable and quite absurd. Mr. Howard was a Defendant in the Wrongful Death Case and was named as such, so he has specific knowledge of being named as a defendant in a civil lawsuit. The subpoenas <u>did not</u> name either witness as a defendant and simply ordered them to appear for the taking of their deposition.

22.    Assuming *arguendo*, that the witnesses Bryant Howard and Yolanda Diggs waited until the morning of the scheduled depositions to contact the law offices of Brinker & Doyen, L.L.P., it is no fault but their own for failing to obey the subpoenas and the fault of attorneys, Mr. Harper and Mr. Mazzei, for instructing the witnesses not to appear, accepting the

5

representation knowing that they had no intention of appearing at the scheduled depositions and <u>assuming</u> that the undersigned would bow down and honor their request to cancel the depositions at the 11th  hour and requesting to cancel the deposition without providing any reason whatsoever. It is the arrogance of Mr. Harper and Mr. Mazzei that has led to the Plaintiffs incurring additional costs and attorney's fees and unnecessary delay in this case.

23.    Ironically enough, Mr. Harper and Mr. Mazzei turn the tables and place blame on Plaintiffs' counsel for their failure to appear with the witnesses at the scheduled depositions on August 22, 2014.

24.    Mr. Mazzei did not pick up the phone and call Plaintiffs' attorney to request that the depositions be canceled, provide an adequate reason for such request or discuss new potential dates.

25.    As set forth in Plaintiffs' Motion, Mr. Mazzei sent an email to the undersigned, requested the depositions be cancelled and provided no reason for the cancellation. (*See Doc. #82-7*).

26.    As stated in Plaintiffs' Motion, Mr. Mazzei called the undersigned and only informed the undersigned that he couldn't make it for the depositions. After notifying this Court that Mr. Mazzei answered his phone at his office at the time Yolanda Diggs' deposition was supposed to be taking place at 3:10 p.m. on August 22, 2014, Mr. Harper and Mr. Mazzei now submit this Court in their response that they could not appear at the depositions, "because of prior work commitments, responsibilities and meetings with other clients, commitments to family members, and because neither attorney Harper or Mazzei had had an opportunity to review the pleadings in the present case and the subpoenas served on Howard and Diggs." (*See Nonparties Resp. in Opp., ¶ 9; Doc. #100*). These are nothing but excuses to cover up the true

6

reasons of delay and retaliation: Mr. Harper and Mr. Mazzei believed that the subpoenas were served in violation of ethical rules, Mr. Harper and Mr. Mazzei believed that they should have been given separate notice of the scheduled depositions and Mr. Harper and Mr. Mazzei believed that the depositions should have been scheduled at a date they selected. Assuming *arguendo*, that the aforementioned statement is true, Mr. Harper or Mr. Mazzei could have requested a copy of the Complaint from the undersigned the morning of August 22, 2014, <u>canceled</u> their afternoon work commitments, responsibilities and meetings with other clients, commitments to family members and then appeared for Mr. Howard's deposition and Ms. Diggs' deposition.

27.     Despite the last minute request to cancel the subpoenaed depositions of Bryant Howard and Yolanda Diggs by Mr. Mazzei and Mr. Mazzei failing to provide any reason for cancelling the depositions, Mr. Harper and Mr. Mazzei in their response stated, "Attorneys Harper and Mazzei fully expected Plaintiffs' counsel to cooperate and reschedule the depositions." (*See Nonparties Resp. in Opp., ¶ 12; Doc. #100*). Mr. Harper and Mr. Mazzei's expectations of the undersigned to be submissive and comply with their demand, just because they demanded it, just illuminates their arrogance and the manner in which they operated in the Wrongful Death Case.

28.     Mr. Harper and Mr. Mazzei's actions in this case are nothing new to the undersigned and there is a history of Mr. Harper and Mr. Mazzei's manipulation and delay. Ironically enough, Mr. Harper and Mr. Mazzei stated in their response:

> "During the pendency of the St. Louis City lawsuit against Bryant Howard and the appeal therefrom, attorney Harper and Mazzei had repeatedly agreed to extend or continue various dates and deadlines at the request of Plaintiffs' counsel."

(*See Nonparties Resp. in Opp., ¶ 12; Doc. #100*).

29.     The aforementioned statement represented to this Court is completely false. Upon

reviewing the Missouri Court's Casenet docket report of the Wrongful Death Case, Mr. Harper and/or Mr. Mazzei filed three (3) motions to continue the trial and delay the proceedings (one of which was denied). The delays of Mr. Howard's counsel in the Wrongful Death Case were memorialized in a letter from the undersigned to Mr. Mazzei dated March 30, 2011. (*See Plaintiffs' Exhibit 16 attached hereto – James W. Schottel, Jr. March 30, 2011 Letter*). As the letter indicates, despite the delays of Mr. Mazzei, the undersigned consented to Mr. Mazzei's request to continue the trial. Subsequently, On August 11, 2011, Mr. Harper moved to again continue the trial setting, which was denied[2]. On October 19, 2011, Mr. Harper filed a third motion to continue the trial setting, which was granted and the Wrongful Death Case was ultimately tried on February 6th-8th, 2012. (*See Plaintiffs' Exhibit 17 attached hereto – Wrongful Death Case Docket Sheets*).

30.     In addition to constant delay in the Wrongful Death Case, Mr. Harper's office would only produce Bryant Howard and Yolanda Diggs for their respective depositions if they were scheduled on a <u>Saturday</u>. (*See Plaintiffs' Exhibit 18 attached hereto – Nathan A. Steimel March 4, 2010 Letter*).

31.     August 22, 2014 <u>is not the first time that Yolanda Diggs failed to appear at a scheduled deposition</u>. By agreement in the Wrongful Death Case, Bryant Howard's deposition was scheduled at Mr. Mazzei's office for Saturday, December 11, 2010 at 10:00 a.m. and Yolanda Diggs' deposition was scheduled the same day for 11:30 a.m. (*See Plaintiffs' Exhibit 19 attached hereto – Amended Notice to Take Deposition of Bryant Howard and Amended Notice to*

---

[2] Plaintiffs' Exhibit 17 shows on August 15, 2011 an entry, "For good cause shown, by consent of the parties. Plaintiff's Motion for Continuance was called, heard, and Granted." This was not actually Plaintiffs' Motion. After the Court denied Defendant's August 11, 2011 Motion to Continue the trial, Mr. Mazzei practically begged the undersigned to consent to continue the trial. Plaintiffs' undersigned counsel consented to one final request to delay the proceedings.

*Take Deposition of Yolanda Diggs[3]*).

32.      Upon appearing at Mr. Mazzei's office on Saturday, December 11, 2010, Mr. Mazzei informed the undersigned that Yolanda Diggs "couldn't make it" and we would have to reschedule her deposition (ironically similar to the situation present in this case). Mr. Howard's deposition proceeded as scheduled and the undersigned did not make a record of Yolanda Diggs nonappearance, but her failure to show up was noted in a subsequent letter dated December 17, 2010 from the undersigned to Mr. Mazzei:

> "Also, I would like to re-schedule Ms. Diggs' deposition as soon as possible. As she did not attend her previously scheduled deposition, I kindly request that the deposition take place at my office."

(*See Plaintiffs' Exhibit 20 attached hereto – James W. Schottel, Jr. December 17, 2010 Letter*).

33.      With the sudden failure of Yolanda Diggs to appear at her scheduled deposition and lack of a reason provided by Mr. Mazzei, it was clear that Mr. Mazzei did not want Bryant Howard and Yolanda Diggs' depositions to occur right after each other so that Ms. Diggs, to assure that her testimony would be consistent with Mr. Howard's, could read the transcript of Mr. Howard's deposition[4] before she gave testimony. Ms. Diggs' deposition was rescheduled for Saturday, February 5, 2011 and finally conducted. (*See Plaintiffs' Exhibit 21 attached hereto – Second Amended Notice to Take Deposition of Yolanda Diggs*).

34.      Mr. Harper and Mr. Mazzei's *modus operandi* of delay and manipulation was evident in the Wrongful Death Case and continued in their actions regarding the subpoenas served on Bryant Howard and Yolanda iggs in his case.

35.      Mr. Harper and Mr. Mazzei further allege in their response:

---

[3] These were amended notices because Plaintiffs' counsel, as a result of a conflict on the set Saturday date, had to cancel the originally scheduled depositions for a Saturday in June of 2010.
[4] Ms. Diggs was asked in her deposition, "Did you get a chance to read Mr. Howard's deposition transcript?" to wit she replied, "Yes, a little."

"In fact, Plaintiffs' counsel has made no attempt to reschedule the depositions of Howard and Diggs. In fact Plaintiffs' own Motion indicates that it was Plaintiffs' counsel who indicated that he had no "available dates" through September 5, 2014. Plaintiffs' own motion indicates that the depositions of Shannon Mers and Laurie Dixon are being taken on September 5, 2014 in this case, but Plaintiffs' counsel has never offered to take the depositions of Howard and Diggs on that same date, even though he was aware this was a date on which Mazzei had advised Howard and Diggs would be available."

(*See Nonparties Resp. in Opp., ¶ 16; Doc. #100*).

36.     First, Plaintiffs' Motion did not say that the undersigned had no available dates, the Motion stated that there are no available dates. Mr. Harper and Mr. Mazzei fail to understand that there are three separate attorneys representing parties in this Case: the undersigned represents the Plaintiffs, Brian Reinhold represents the Intervenor Plaintiff and Karin Schute represents the Defendants. Mr. Harper and Mr. Mazzei wrongfully assume that because Ms. Mers and Ms. Dixon's depositions are scheduled on September 5, 2014 the undersigned can just add on Bryant Howard and Yolanda Diggs' depositions on said date. As stated before, the entire day of September 5, 2014 is full and no depositions can be added based upon, not only the undersigned's calendar, but also Mr. Reinhold's and Ms. Schute's.

37.     Mr. Harper and Mr. Mazzei also fail to understand that there is a discovery deadline set in this case of September 5, 2014 (it is clear that Mr. Harper and Mr. Mazzei are not accustomed to deadlines and are used to conducting matters as they direct their opposing counsel and as they please) and there is also a dispositive motion deadline of October 3, 2014. As a result of the delay in Mr. Howard and Ms. Diggs' depositions, these deadlines are in jeopardy and relief is required from this Honorable Court.

38.     Mr. Harper and Mr. Mazzei further allege in their response:

"The fact that Plaintiffs' counsel would not cooperate and compromise with attorneys Harper and Mazzei to reschedule the depositions of Howard and Diggs is hard to understand and is completely unprofessional and unreasonable. This is

10

particularly true in light of the fact that Harper and Mazzei were not even made aware of the depositions until 3-1/2 hours before the depositions were to occur and had insufficient time to ~~coach~~ properly prepare Howard and Diggs for their respective depositions."

(*See Nonparties Resp. in Opp., ¶ 17; Doc. #100*).

39.    What is completely unprofessional and unreasonable is the arrogance of Mr. Harper and Mr. Mazzei and complete failure to obey the lawful process of a subpoena, which is a complete disrespect for this Honorable Court. Mr. Harper and Mr. Mazzei, even if they were given late notice, could have picked up the phone and contacted the undersigned to discuss the depositions. The undersigned could have explained that the depositions of the witnesses, Bryant Howard and Yolanda Diggs, would be very short depositions. However, based on the response of Mr. Harper and Mr. Mazzei and the undersigned's prior dealings with Mr. Harper and Mr. Mazzei, it is clear that they knew about the subpoenas for several days, not a few hours. Because the date of the subpoena was not mutually agreed upon, their egos would not allow them to appear on August 22, 2014.

40.    The last sentence in the last paragraph is not based upon conjecture as even Mr. Harper and Mr. Mazzei state in their response: "Depositions should be scheduled by agreement and compromise." (*See Nonparties Resp. in Opp., ¶ 18; Doc. #100*). According to Mr. Harper and Mr. Mazzei, there is no need for subpoenas to appear for a deposition and Rule 45 of the Federal Rules of Civil Procedure should just be abolished. In this scenario before the Court, the witnesses were served 27 days in advance of their deposition. It is simply inexcusable for a last minute request to cancel the depositions and a subsequent failure to appear.

41.    Mr. Harper and Mr. Mazzei state that they considered filing a counter-motion for sanctions against the undersigned but refrained from doing so because that is not "how attorneys should conduct themselves". In order for Mr. Harper and Mr. Mazzei to file a counter-motion for

sanctions against the undersigned they need to have grounds and should not have unclean hands. Thus, those are two compelling reasons why Mr. Harper and Mr. Mazzei did not file a counter-motion for sanctions.

42.     Although Mr. Howard and Ms. Diggs' depositions were taken in the Wrongful Death Case, inquiry was not made about matters pertinent to the claims against the Defendant in this case.

43.     Plaintiffs' counsel has expended 4.4 hours in the preparation and filing of the Motion, 2.4 hours in the preparation and filing of Plaintiffs' memorandum in support of the Motion, 0.3 hours in the preparation and filing of Plaintiffs' supplement to the Motion/notice of hearing, 8.1 hours in the preparation and filing of Plaintiffs' reply in support of the Motion (including the redaction and filing of unredacted exhibits) and 1.4 hours conducting Westlaw research on the issues presented herein for a total of 16.6 hours of work.

44.     Plaintiffs' counsel's hourly rate is $250.00 per hour and Plaintiffs' now seek $4,150.00 in attorney's fees plus any time expended preparing for and arguing this Motion.

WHEREFORE, for the foregoing reasons  and those stated in Plaintiffs' Motion and memorandum in support, Plaintiffs respectfully request this Honorable Court to:

a.      Grant their Motion for Contempt;

b.      Order Bryant Howard and Yolanda Diggs to pay a fine for their contempt;

c.      Order monetary sanctions against John A. Mazzei and/or Brinker & Doyen, L.L.P.;

d.      Grant Plaintiffs an Order of payment of attorney's fees for the prosecution of this Motion and costs incurred as detailed herein;

    e.      Order Bryant Howard and Yolanda Diggs to make themselves available for the taking of their deposition on a date to be set by Plaintiffs' counsel; and

    f.      For such other relief as this Honorable Court deems just and proper under the circumstances.

    Respectfully submitted,

    SCHOTTEL & ASSOCIATES, P.C.

    BY: s/*James W. Schottel, Jr.*
        James W. Schottel, Jr.   #51285MO
        906 Olive St., PH
        St. Louis, MO 63101
        (314) 421-0350
        (314) 421-4060 facsimile
        jwsj@schotteljustice.com

        Attorney for Plaintiffs
        A.J.
        D.M.
        B.M.
        The Estate of Robert Jason Johnson

## CERTIFICATE OF SERVICE

I hereby certify that on September 1, 2014, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following:

    Karin A. Schute
    karin.schute@ago.mo.gov

    Attorney for Defendants
    Donnell W. Tanksley
    Matthew J. Waggoner
    Perri A. Johnson

    Brian F. Reinhold
    breinhold@reinholdlawoffice.com

    Attorney for Intervenor Plaintiff
    Deborah Johnson

13

     I further certify that a copy of the foregoing (with attached exhibits) was mailed first-class, postage prepaid to the following on this <u>2nd</u> day of <u>September</u>, <u>2014</u>:

John A. Mazzei
BRINKER & DOYEN, L.L.P.
34 N. Meramec Ave., Fl 5
St. Louis, MO  63105

Attorney for Witnesses
Bryant Howard
Yolanda Diggs


Bryant Howard
3310 Caroline St.
St. Louis, MO 63104


Yolanda Diggs
7407 Castro Dr.
St. Louis, MO 63135


/s/ *James W. Schottel, Jr.*

14