UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| A.J., a minor, by and through her Next Friend, LORI DIXON, et al., | ) <br> ) <br> ) |
| Plaintiffs, | ) <br> ) |
| and | ) <br> ) |
| DEBORAH LEE JOHNSON, | ) <br> ) |
| Intervenor Plaintiff, | ) <br> ) |
| v. | ) <br> ) |
| DONNELL W. TANKSLEY, et al., | ) <br> ) |
| Defendants. | ) |

No. 4:13-CV-1514 CAS

**MEMORANDUM AND ORDER**

This matter is before the Court on defendants Perri A. Johnson, Donnell W. Tanksley, and Matthew J. Waggoner's motion to dismiss Counts I and III of intervenor plaintiff Deborah Lee Johnson's Intervenor Complaint. Defendants are not seeking a dismissal of Counts I and III in their entirety, only to the extent that intervenor plaintiff is attempting to state a claim under 42 U.S.C. § 1983 based on allegations that defendants gave false testimony. Intervenor plaintiff opposes the motion and filed a response memorandum. Defendants filed reply memorandum in support of their motion. The motion is fully briefed and ripe for review. For the following reasons, defendants Perri A. Johnson, Donnell W. Tanksley, and Matthew J. Waggoner's motion to dismiss will be granted.

*I. Background*

The matter in dispute stems from a fatal motor vehicle accident that occurred in St. Louis, Missouri on June 1, 2008. Plaintiffs allege that the decedent, Robert Jason Johnson, who was riding a motorcycle, was killed as a result of the negligence of Bryant Howard, who was driving the car

that struck Mr. Johnson. St. Louis Metropolitan Police officers Donnell Tanksley and Matthew Waggoner responded to the scene of the accident. Plaintiffs allege that these officers prepared a false police accident report, which was approved by their supervisor Perri Johnson, assigning fault to Mr. Johnson. Plaintiffs further allege that defendants Tanksley, Waggoner, and Johnson failed to properly investigate the accident, and that defendants Tanksley and Waggoner provided false testimony in connection with a 2009 wrongful death suit against Mr. Howard, in which the jury returned a verdict in favor of Mr. Howard.

The original plaintiffs in this suit are the Mr. Johnson's minor children, A.J., D.M., and B.M.[1], and the Estate of Robert Jason Johnson (the "Estate"). In their Complaint, plaintiffs brought claims pursuant to 42 U.S.C. § 1983 for violations of their civil rights against defendants Tanksley, Waggoner, and Johnson and members of the Board of Police Commissioners of the City of St. Louis ("Police Board Defendants"). In their Complaint, plaintiffs brought the following five (5) counts: violation of civil rights – substantive due process, against defendants Tanksley, Waggoner, and Johnson (Count I); violation of civil rights – equal protection, against defendants Tanksley, Waggoner, and Johnson (Count II); violation of civil rights – conspiracy, against defendants Tanksley, Waggoner, and Johnson (Count III); violation of civil rights – delegation of authority, failure to train, supervise or control and/or pattern of transgression against the Police Board Defendants (Count IV); and violation of civil rights – *respondeat superior*, against the Police Board Defendants (Count V).

---

[1] On October 2, 2013, the Court appointed Lori Dixon as next friend for A.J., and Shannon Mers as next friend for D.M. and B.M.

On April 24, 2014, the Court granted the Police Board Defendants' motion to dismiss. The Court found plaintiffs had failed to state a claim in Counts IV and V, and the Police Board Defendants were dismissed from this suit. In the same Memorandum and Order, the Court granted in part defendants Tanksley, Waggoner, and Johnson's motion to dismiss. Plaintiffs had alleged in their Complaint that defendants Tanksley, Waggoner, and Johnson violated their constitutional rights by, among other things, providing false testimony at trial and in deposition. The Court granted defendants Tanksley, Waggoner, and Johnson's motion to dismiss to the extent plaintiffs were attempting to state § 1983 claims against these defendants based on allegations that they gave false testimony.

Following the Court's ruling on the motion to dismiss, Deborah Lee Johnson, the decedent's mother, moved to intervene as a party plaintiff. The motion was unopposed, and on June 10, 2014, the Court granted the motion to intervene. Deborah Lee Johnson filed an Intervenor Complaint against defendants Tanksley, Waggoner, and Johnson that was substantially similar to and tracked the same language as plaintiffs' original claims against these same defendants, including allegations that these defendants violated Ms. Johnson's constitutional rights by providing false testimony at trial and in deposition. Defendants now move to dismiss the claims against them in the Intervenor Complaint based on allegations that they gave false testimony.

### *III. Standard*

The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint. To survive a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678

(2009) (quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)).  In the complaint, a plaintiff "must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." <u>Schaaf v. Residential Funding Corp.</u>, 517 F.3d 544, 549 (8th Cir.), <u>cert. denied</u>, 555 U.S. 882 (2008) (citing <u>Twombly</u>, 550 U.S. at 555 & n.3).  This obligation requires a plaintiff to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Twombly</u>, 550 U.S. at 555. A complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory." <u>Id.</u> at 562 (quoted case omitted). This standard "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [the claim or element]." <u>Id.</u> at 556.  On a motion to dismiss, the Court accepts as true all of the factual allegations contained in the complaint, even if it appears that "actual proof of those facts is improbable," <u>Twombly</u>, 550 U.S. at 556, and reviews the complaint to determine whether its allegations show that the pleader is entitled to relief.  <u>Id</u>; Fed. R. Civ. P. 8(a)(2).

## *IV. Discussion*

In their motion to dismiss, defendants Tanksley, Waggoner, and Johnson move to dismiss any claims in the Intervenor Complaint based on the allegations that they provided false testimony in connection with the underlying wrongful death case.  Citing to <u>Briscoe v. LaHue</u>, 460 U.S. 325 (1983), defendants argue that false testimony by a police officer does not amount to a constitutional violation because it is not an act performed under the color of law.

Intervenor plaintiff responds to defendants' motion to dismiss by arguing that they have misconstrued her Intervenor Complaint, and that she is not alleging a claim for denial of access to the courts based on perjured testimony, but that she included allegations that defendants provided

-4-

false testimony to "present the totality of the circumstances." See Doc. 69 at 3. She argues that "[t]he testimony of Defendant Tanksley and Defendant Waggoner simply explained or ratified the contents of the false police report in the Wrongful Death Case." Id.

Intervenor plaintiff Johnson uses verbatim the exact same argument plaintiffs made in opposing defendants' motion to dismiss directed at the original Complaint. This issue has already been decided and it is the law of the case. See Morris v. American Nat'l Can Corp., 988 F.2d 50, 52 (8th Cir. 1993) (citing Arizona v. California, 460 U.S. 605, 618 (1983)) ("[W]hen a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.")). The Court has already ruled that witnesses are entitled to absolute immunity, and plaintiffs cannot state a claim under § 1983 based on allegations that a defendant gave false testimony. See Snelling v. Westhoff, 972 F.2d 199, 200 (8th Cir. 1992) (holding district court properly dismissed claim against governmental agent based on absolute witness immunity) (citing Briscoe v. LaHue, 460 U.S. at 329-46; House v. Belford, 956 F.2d 711, 720-21 (7th Cir.1992)). See also Conley v. Office of the Pub. Defender, 653 F.2d 1241, 1242 (8th Cir. 1981) (witnesses are absolutely immune from § 1983 suit arising from their testimony in judicial proceedings). Therefore, to the extent intervenor plaintiff is alleging in Count I or III of the Intervenor Complaint that her constitutional rights were violated by the defendants' false testimony, defendants' motion to dismiss is granted on the basis of witness immunity.

Accordingly

**IT IS HEREBY ORDERED** that consistent with the terms of this Memorandum and Order, defendants Perri A. Johnson, Donnell W. Tanksley, and Matthew J. Waggoner's motion to dismiss is **GRANTED**. The motion is **GRANTED** to the extent intervenor plaintiff Deborah Lee Johnson

is attempting to state a claim under 42 U.S.C. § 1983 based on allegations that these defendants gave false testimony. [Doc. 63]

An appropriate Order of Partial Dismissal will accompany this Memorandum and Order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this ___20th___ day of October, 2014.